IAA.8246

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **KIRK LOVELADY** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| **INSURANCE AUTO AUCTIONS,** | § | JURY DEMAND |
| **CORP.** | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT INSURANCE AUTO AUCTIONS, CORP.'S**
**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **INSURANCE AUTO AUCTIONS, CORP.**, Defendant in the above matter (hereinafter, "Defendant"), and files this Notice of Removal of the above-captioned case. Removal is based on 28 U.S.C. § 1332 (diversity jurisdiction) and is authorized by 28 U.S.C. §§ 1441 and 1446.

**I.**
**BACKGROUND**

1. Plaintiff filed his Original Petition on January 26, 2017.

2. Defendant was served with Plaintiff's Original Petition on February 6, 2017.

3. Defendant has filed this Notice of Removal within the time period required. 28 U.S.C. §1446(b).

8. Plaintiff is a resident citizen of White Oak, Gregg County, Texas.

9. Defendant is a duly registered Delaware corporation with its corporate office and principal place of business in Westchester, Illinois.

**DEFENDANT INSURANCE AUTO AUCTIONS, CORP.'S NOTICE OF REMOVAL - PAGE 1**

10.     Plaintiff's Original Petition, filed contemporaneously herewith, seeks "damages pursuant to Rule 47(c)(4)." Texas Rule of Civil Procedure 47(c)(4) addresses "monetary relief over $200,000, but not more than $1,000,000."

## II.
## BASIS FOR REMOVAL

12.     Removal is proper under 28 U.S.C. § 1332(a) because Plaintiff's suit is a civil action in which this Court has original jurisdiction over the parties, based upon diversity jurisdiction under 28 U.S.C. § 1332.  This action is removable to this Court pursuant to the provisions of 28 U.S.C. §1441(b) because Plaintiff is a citizen of the State of Texas and Defendant is a Delaware corporation with its principal place of business being in Westchester, Illinois.

**A.      Complete Diversity Exists.**

13.     As the Court is certainly aware, for diversity purposes, a person is considered a citizen of the state where that person is domiciled.  Petitioner is a person living in and domiciled in Texas.  Defendant is incorporated in Delaware and maintains its principal place of business in the state of Illinois.

14.     28 U.S.C. § 1446(b)(3) states that, "except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[1]

---

1  28 U.S.C. § 1446(b)(3).

15. The Defendant is now, and was at the time the removed action was commenced, diverse in citizenship from the Plaintiff. 28 U.S.C. § 1332. Defendant maintains its principal place of business in the state of Illinois; and Plaintiff is domiciled in Texas – both are completely diverse for jurisdictional purposes.

16. Because the Plaintiff and the Defendant to this suit do not share citizenship in any state, removal is proper on diversity grounds.

17. Accordingly, because this notice of removal has been filed within thirty days after Defendant's receipt of Plaintiff's Original Petition, this removal is proper and timely under 28 U.S.C. §1446(b).

**B.     The Amount in Controversy Exceeds $75,000.00.**

18. Further, as set forth in Plaintiff's Original Petition, filed with these pleadings here today, the amount in controversy in this action exceeds, exclusive of interest and costs, the sum of Two Hundred Thousand and No/100 Dollars ($200,000.00). Thus, the amount in controversy meets the threshold for removal.

19. The United States District Court for the Eastern District of Texas, Marshall Division, embraces Harrison County, Texas.

20. The live pleadings before the state court are Plaintiff Kirk Lovelady's Original Petition and Defendant Insurance Auto Auctions, Corp.'s Original Answer. No motions are pending before the state court.

21. All pleadings, process, orders, and other filings in the state court action are attached to this Notice as **Exhibit "A,"** as required by 28 U.S.C. § 1446(a).

22. Promptly after filing this Notice of Removal, Defendant will promptly file a copy of this Notice with the clerk of the state court in which the action is pending.

## III.
## REQUEST FOR JURY TRIAL

23. Defendant hereby demands a trial by jury in accordance with the provisions of FED. R. CIV. P. 38.

WHEREFORE, PREMISES CONSIDERED, Defendant **INSURANCE AUTO AUCTIONS, CORP**, as a party in diversity with the Plaintiff **KIRK LOVELADY**, respectfully request that this action be immediately and entirely removed upon filing of this Notice of Removal to the United States District Court for the Eastern District of Texas, Marshall Division, and for such other and further relief to which it may show themselves to be justly entitled in equity or law.

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, L.L.P**

*/s/ Daniel M. Karp*

**MICHAEL P. SHARP**
State Bar No. 00788857
msharp@feesmith.com
**DANIEL M. KARP**
State Bar No. 24012937
dkarp@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, TX 75240
(972) 934-9100
(972) 934-9200 (Fax)

**ATTORNEYS FOR DEFENDANT
INSURANCE AUTO AUCTIONS, CORP.**

## CERTIFICATE OF SERVICE

 The undersigned hereby certifies that on March 1st, 2017, the foregoing was filed with the Clerk of the Court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of documents by electronic means.

joebyoung@pnylaw.com
Joe B. Young
Patton, Nix & Young, LLP
P. O. Box 3444
Longview, TX  75606-3444


             */s/ Daniel M. Karp*

             _____
             **MICHAEL P. SHARP**
             **DANIEL M. KARP**