Filed 1/26/2017 11:57:39 AM
Sherry Griffis
District Clerk
Harrison County, Texas
Angie Hayes
Deputy

CAUSE NO. 17-0066

| | | |
|---|---|---|
| **KIRK LOVELADY** | § | IN THE DISTRICT COURT OF |
| Petitioner, | § | |
| | § | |
| VS. | § | OF HARRISON COUNTY, TEXAS |
| | § | |
| **INSURANCE AUTO AUCTIONS, CORP.** | § | |
| | § | |
| Defendant. | § | 71ST JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, Kirk Lovelady, Petitioner, complaining of Insurance Auto Auctions, Corp., Defendant, and for cause of action would respectfully show the Court as follows:

1.

This is an action for money damages only between $200,000.00 and $1,000,000.00.

2.

Discovery is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

3.

Plaintiff is a resident citizen of White Oak, Gregg County, Texas. The last three digits of Plaintiff's driver's license number are 211 and the last three digits of Plaintiff's social security number are 146.

Defendant, Insurance Auto Auctions, Corp., is a corporation doing business and maintaining agents in Harrison County, Texas. Defendant may be served with process herein by delivering a true and correct copy of this Petition with citation attached to its registered agent for

---

Plaintiff's Original Petition                                                                                   Page 1

TRUE AND CORRECT COPY

service of process Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

**4.**

Venue of this action is proper in Harrison County, Texas because the events which give rise to the cause of action occurred in Harrison County, Texas. [TEX. CIV. PRAC. & REM. CODE, §15.002(a)(1)]

**5.**

This action is brought to recover compensatory damages, past and future, including medical expenses, loss of earnings and/or earning capacity, physical pain, mental anguish, physical impairment and physical disfigurement all of which damages were proximately caused by the negligence of Defendant, acting by and through its agents, servants, employees and/or representatives who were, at all times material hereto, acting within the course and scope of their relationship with Defendant. Plaintiff would show that on or about February 24, 2016, Plaintiff sustained severe and permanent injuries when a forklift operator in the course of his relationship was assisting in an operation to replace a large metal gate on Defendant's premises at 5577 U.S. Highway 80 East in Longview, Harrison County, Texas. In the course of such work, Defendant's forklift operator disengaged the forklift from the gate, purportedly to reposition the forks of the machine. At the time of this maneuver Plaintiff would show that it was negligent and unsafe to leave the gate unsupported by the machine and that the operator's actions allowed the gate to fall on Plaintiff causing the injuries and damages to Plaintiff. Defendant was negligent in the following particulars, among others which proximately caused the occurrence in question:

TRUE AND CORRECT COPY

A. Failure to train/instruct and/or adequately train or instruct its forklift operator in handling materials with a forklift in proximity to other persons in the area;

B. Failure to warn and/or adequately warn its forklift operator of the hazards of handling materials with a forklift in proximity to other persons in the area;

C. Failure to supervise and/or adequately supervise its forklift operator during the course of handling materials in proximity to other persons in the area.

**6.**

Defendant's forklift operator was negligent in the operation of the forklift on the occasion in question in the following particulars, among others:

A. Failure to apprise himself of the location of all persons in proximity of his machine and/or load before disengaging from the load;

B. Disengaging from the load at a time and in a manner when persons were in proximity to an unsecured load of material;

C. Leaving a load of material unsecured at a place and under conditions that placed persons in proximity thereto in danger from the unsecured load.

**7.**

As to the conduct of Defendant's forklift operator, Plaintiff asserts the doctrine of vicarious liability under respondent superior.

**8.**

Plaintiff's damages are within the jurisdictional limits of this Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited in terms of law to appear and answer herein and that upon final trial of this cause that Plaintiff have judgment against Defendant for compensatory damages in an amount within the jurisdictional

TRUE AND CORRECT COPY

limit of this Court, for pre-judgment and post-judgment interest at the highest legal rate, for all costs of Court expended herein and for such other and further relief, both general and special, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**PATTON, NIX & YOUNG, LLP**
P.O. Box 3444
Longview, TX 75606-3444
(903)758-6151
(903)758-7117 FAX

BY: /s/ Joe B. Young
    JOE B. YOUNG
    State Bar No. 22192500

**ATTORNEYS FOR PLAINTIFF**

TRUE AND CORRECT COPY